IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CLYDE BRADDOCK,

    Petitioner,

v.                                                            No. 13-1108

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is the *pro se* 28 U.S.C. § 2255 ("§ 2255") motion of Petitioner, Clyde Braddock, to vacate, set aside, or correct his sentence (the "Petition"). (Docket Entry ("D.E.") 1).[1] Braddock, Bureau of Prisons ("BOP") register number 23177-076, is currently housed at the Federal Prison Camp in Millington, Tennessee. The United States has filed an answer. (D.E. 17.) For the reasons below, the Petition is DENIED.

## I.     Background

*A. Case Number 09-10104*

On September 21 2009, the grand jury returned an indictment charging Braddock with one count of possession with the intent to distribute and distribution of over five grams of cocaine base and one count of possession with the intent to distribute and distribution of cocaine, both in violation of 21 U.S.C. § 841(a)(1). Redacted Indictment, *United States v. Braddock*, No.

---

[1]Petitioner has numerous other outstanding motions, including a motion to appoint counsel, multiple motions to compel, and motions for reconsideration. (D.E. 8, 14, 15, 19, 22.) As the Petition is dismissed, these motions are DENIED AS MOOT.

1

09-10104 (W.D. Tenn. Sept. 21, 2009) (D.E. 4). A superseding indictment was issued on January 18, 2011, charging him with one count of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846, and one count of possession with intent to distribute and distribution of over five grams of cocaine base and one count of possession with intent to distribute and distribution of cocaine, both in violation of 21 U.S.C. § 841(a)(1). Redacted Indictment, *id.* (D.E. 47). On June 9, 2010, attorney Russell A. Larson was appointed to represent Petitioner. CJA Appointment, *id.* (D.E. 34.) After Petitioner pleaded not guilty, a jury trial commenced on February 28, 2011, Min. Entry, *id.* (D.E. 63), which resulted in a guilty verdict as to all counts on March 1, 2011, Min. Entry, *id.* (D.E. 67).

On July 29, 2011, the Court sentenced Braddock to 180 months on each of the counts to run concurrent. Min. Entry, *id.* (D.E. 92). On August 3, 2011, Petitioner filed a timely notice of appeal and the Sixth Circuit Court of Appeals affirmed the judgment on January 7, 2013. Order of USCA, *id.* (D.E. 95, 114).

B. *Case Number 13-1108*

On April 12, 2013, the inmate moved to vacate, set aside, or correct his sentence pursuant to § 2255. (D.E. 1.) He filed a supplemental memorandum of law on August 23, 2013. (D.E. 3.) Braddock presented the following bases for the motion: (1) Petitioner received ineffective assistance of trial counsel, who failed to properly prepare for trial and did not to object to certain portions of the presentence report ("PSR") when preparing for the sentencing hearing; (2) he was not proven to be in a conspiracy with Audural Cross or Jarrell Williams, beyond a reasonable doubt at trial; (3) in sentencing, the trial court was bound by the amount of cocaine base found by the jury rather than the amount determined by the probation officer in the PSR; (4) the trial court sentenced Petitioner to an excessive sentence, which requires re-sentencing pursuant to and

utilizing 18 U.S.C. § 3553; (5) Petitioner received ineffective assistance by appellate counsel, who failed to challenge both the sentence imposed and the fact that there was no live testimony of witnesses to reach the cocaine base quantity established by the PSR; and (6) the Court's sentence was based on enhancements that were unconstitutional pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (D.E. 1-1 at 2; D.E. 3 at 1.) The Government filed its response in opposition on October 10, 2014, after obtaining affidavits from both trial and appellate counsel. (D.E. 17.)

## II. Legal Standard

Section 2255(a) provides,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2015). In order to succeed on a motion under the statute, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 135 S. Ct. 2194 (2015)). Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion but must be presented on direct appeal or they are waived. *Weinberger*, 268 F.3d at 351; *see McCullough v. United States*, No. 12-1214, 2015 WL 1651270, at *2 (W.D. Tenn. Apr. 14, 2015).

An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions

rather than statements of fact. *Amr v. United States*, 280 Fed. App'x 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). The petitioner bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under § 2255, and a § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and, consequently, fails to state a viable claim cognizable. *Ryals v. United States*, No. 1:05-cv-238, 2009 WL 595984, *5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, No. 1:05-cv-317, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

### III. Analysis of Petitioner's Claims

#### A. Ground One

Petitioner first argues that he received ineffective assistance of trial counsel, who allegedly failed to properly prepare for trial and did not object to certain portions of the PSR when preparing for the sentencing hearing. (D.E. 1-1 at 2.) Specifically, Braddock contends that trial counsel failed to investigate Williams, who Petitioner alleges was in custody during the time the co-conspirator claimed to have purchased drugs from him. (*Id.* at 12.) Additionally, he avers that counsel was deficient by failing to object to the amount of cocaine base set forth in the PSR, which exceeded the quantity determined by the jury. (*Id.* at 13.)

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that "defense counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment and that defense counsel's deficient performance caused prejudice." *Winborn v. United States*, 602 F. App'x 298, 300 (6th Cir. 2015) (citing *Strickland*, 466 U.S. at 687). "Unless the petitioner demonstrates both deficient performance and prejudice, it cannot be said that the conviction or sentence resulted from a

4

breakdown in the adversary process that renders the result unreliable." *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014). "There is a strong presumption that an attorney renders adequate assistance and makes all significant decisions in the exercise of reasonable professional judgment." *Maiyo v. United States*, 576 F. App'x 567, 570 (6th Cir. 2014) (citing *Strickland*, 466 U.S. at 689-90).

The petitioner must establish that his counsel's "performance fell below an objective standard of reasonableness." *Id.* "The issue is whether counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory." *Smith v. United States*, No. 1:11–cv–215–CLC–SKL, 2015 WL 164155, at *2 (E.D. Tenn. Jan. 13, 2015) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)). In order to demonstrate prejudice, he must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Delaine v. United States*, 605 F. App'x 468, 471 (6th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). A petitioner claiming ineffective assistance of counsel faces a heavy burden. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006). The Court is not required to perform an analysis under both prongs. *Miller v. United States*, 561 F. App'x 485, 490 (6th Cir. 2014).

Generally, challenges to sentencing cannot be made for the first time in a § 2255 motion. *Weinberger*, 268 F.3d at 351 (citing *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir.1996)). They are waived unless made on direct appeal. *Id.* However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance[.]" *Id.* The Sixth Amendment guarantees the effective assistance of counsel to criminal defendants. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). "A defendant facing the possibility of incarceration has a Sixth Amendment

right to counsel at all 'critical stages' of the criminal process, and a sentencing hearing is one type of 'critical stage' at which the right to counsel attaches." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Benitez v. United* States, 521 F.3d 625, 630 (6th Cir. 2008)). An attorney's "failure to object to an error at sentencing or failure to raise a viable argument that would reduce [the] client's sentence may constitute deficient performance." *McPhearson*, 675 F.3d at 559. However, the "strong presumption that an attorney renders adequate assistance and makes all significant decisions in the exercise of reasonable professional judgment," remains at the sentencing phase. *See Maiyo*, 576 F. App'x at 570.

In support of his contention that Williams was incarcerated and therefore could not have purchased drugs from him, Petitioner only submitted an affidavit from himself claiming that Williams was in custody. (*See* D.E. 1-2.) In response, Respondent provided affidavits from the Custodians of the Records for the Hardeman County Jail and Hardin County Jail, stating that Williams was not in custody during the time period that he testified he purchased drugs from Braddock. (*See* D.E. 17-4, 17-5.) Braddock has provided no other evidence for this issue other than his own belief. Petitioner has failed to demonstrate that trial counsel improperly prepared for trial. As the the Court finds that trial counsel did not render deficient performance, Braddock's motion on this ground is DENIED.

Additionally, Petitioner asserts that counsel was ineffective for failing to object to the amount of cocaine base set forth in the PSR, as he claims that the appropriate amount that should have been used for sentencing purposes was what the jury determined. (D.E. 1-1 at 13.) Braddock, however, cites to no authority in support of his contention. Moreover, he did not raise this issue on direct appeal. It is well-established that sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion and unless made on direct appeal, they

6

are waived. *See Weinberger*, 268 F.3d at 351. Because Petitioner did not challenge his sentence based on this issue on direct appeal, this claim is forfeited. Regarding Braddock's ineffective assistance of counsel claim, he fails to demonstrate prejudice. At the conclusion of the trial, the jury found Petitioner guilty of all counts, including possession with intent to distribute and distribution of over 5 grams of cocaine base. (D.E. 17 at 6.) Based upon trial testimony, the PSR concluded there to be an attributable total drug quantity of 4,263.30 grams of cocaine base to Braddock and set forth that the guideline recommendation imprisonment range was 188-235 months. (D.E. 17-1 at 8, 21.) The Court sentenced him below that range to 180 months. (D.E. 1.)

The Sixth Circuit has established that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Conaster*, 514 F.3d 508, 528 (6th Cir. 2008) (quoting *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006), *cert. denied*, 549 U.S. 1041 (2006)). A district court is "permitted to rely on any competent evidence in the record to determine the drug quantity attributable to the [defendant] for sentencing purposes so long as [the court] appreciate[d] that the guidelines are advisory, not binding." *United States v. Joseph*, 604 F. App'x 437, 441 (6th Cir. 2015) (holding the district court's use of a total attributable drug quantity that was higher than the amount found by the jury was permissible because the determination was based upon trial testimony and controlled transactions, and because the "court demonstrated its appreciation of the non-binding nature of the Guidelines by imposing below-Guidelines sentence[]"). Although Petitioner contends trial counsel was ineffective for failing to object to the PSR's conclusion of the relevant drug quantity, he has provided no authority to support his contention. Employing a preponderance of

the evidence standard in determining facts relating to the sentence, the PSR's conclusion of the total attributable drug quantity was supported by trial testimony. Moreover, the Court sentenced Braddock below the guideline recommendation, demonstrating its appreciation for the fact that the guidelines are advisory. Accordingly, Petitioner's claim of ineffective assistance of counsel is DENIED.

## B. Ground Two

Next, Braddock alleges he was not involved in a conspiracy with Audural Cross or Jarrell Williams, and the presence of a conspiracy was not proven beyond a reasonable doubt at trial. (D.E. 1-1 at 2.) In *United States v. Braddock*, 510 F. App'x 400, 401-02 (6th Cir. 2013), Petitioner challenged on appeal the sufficiency of the trial evidence to which the Sixth Circuit addressed as follows:

> When reviewing claims for insufficient evidence, we will sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury. *See United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006); *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).
>
> To support a conviction under section 841(a)(1), the government must establish that Braddock (1) knowingly or intentionally, (2) distributed or possessed with an intent to distribute, (3) cocaine or cocaine base. 21 U.S.C. § 841(a)(1). To support a conviction under section 846, the government must establish that Braddock (1) made an agreement with at least one other conspirator to violate the drug laws, (2) had knowledge of and intent to join in the conspiracy, and (3) participated in the conspiracy. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *see also* 21 U.S.C. §§ 841(a)(1) and 846. "It is not necessary that the government prove a formal agreement, and the existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in a common plan." *Paige*, 470 F.3d at 608-09.
>
> Audural Cross testified that he purchased $900 worth of cocaine and cocaine base from Braddock. Cross identified Braddock at trial as the man from whom he purchased the controlled substances. Cross also testified that he had been purchasing a half ounce to an ounce of cocaine base from Braddock three to four times a week from approximately

8

> March 2006 until February 2008. Cross testified that he was a drug dealer and would sell the drugs he purchased from Braddock in Bolivar, Tennessee. Although Braddock argues that no rational trier of fact could have believed Cross's testimony, "it is well-settled that on appeal, there 'is no place . . . for arguments regarding a government witness's lack of credibility. . . .'" *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999) (quoting *United States v. Adamo*, 742 F.2d 927, 934-35 (6th Cir. 1984)).
>
> In addition to Cross, Jarrell Williams testified that he also purchased cocaine base and cocaine from Braddock through Victor Robinson because Braddock would not deal directly with him. Robinson and Williams would pool their money to purchase the controlled substances from Braddock. Williams was also able to explain the circumstances surrounding each drug transaction between Robinson and Braddock. Williams testified that he received cocaine from Braddock through Robinson from approximately November 2006 until March 2007. He purchased only a quarter ounce of cocaine base in this manner from approximately March 2007 until May 2007. In October 2007, he began purchasing a half ounce of cocaine base in this manner. Based on Cross's and Williams's testimony, a reasonable jury could have found Braddock guilty beyond a reasonable doubt of violating sections 841(a)(1) and 846.

*Id.*

Absent "highly exceptional circumstances," § 2255 motions may not be used to "re-litigate an issue that was raised and considered on direct appeal." *United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004). Rather than claiming that an exceptional circumstance existed, Petitioner merely reasserts the same arguments he did on appeal. (*See* D.E. 1-1 at 14-15; *see Braddock*, 510 F. App'x at 401-02.) Accordingly, Braddock's motion for resentencing based upon this claim is DENIED.

### C. Ground Three

Petitioner also contends that the trial court was required to sentence him based on the 11.5 grams the jury attributed to him rather than what the PSR concluded. (D.E. 1-1 at 16.) Braddock also failed to raise this issue on direct appeal. It is well-established that sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion and must be made on direct appeal or they are waived. *See Weinberger*, 268 F.3d at 351; *see United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1994) ("If defendants could routinely raise, in a

9

§ 2255 collateral proceeding, errors in sentencing not raised on direct appeal, which the sentencing court had not an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences . . . ."). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a [a § 2255 motion] only if the defendant can demonstrate either cause and actual prejudice, or that he is actually innocent." *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014). Petitioner has not presented evidence to establish either basis. Accordingly, his motion based upon this issue is DENIED.

### D. Ground Four

Braddock further asserts that the trial court imposed an excessive sentence without appropriately considering the sentencing goals set forth in 18 U.S.C. § 3553(a). (D.E. 1-1 at 18.) Once again, Petitioner failed to present this issue on direct appeal. This procedural default may only be overcome if he can demonstrate either cause and actual prejudice, or that he was actually innocent. *See Sullivan*, 587 F. App'x at 942. Despite his contention, Braddock presents no evidence to support his position. The PSR included a lengthy background history of Petitioner, reflecting his arrest record and details about his family, education, and vocational skills. (*See* D.E. 17-1.) Additionally, trial counsel argued at the sentencing hearing in mitigation that Braddock had long standing good relations with his community and that much of his arrest record consisted of misdemeanors rather than felonies. (*See* D.E. 17-3.) Petitioner fails to provide any evidence or information that demonstrated counsel's performance was deficient or caused him prejudice. Accordingly, Braddock's motion based upon this issue is DENIED.

### E. Ground Five

Petitioner next insists that he received ineffective assistance of appellate counsel for failing to challenge the sentence imposed based on the quantity of cocaine base. (D.E. 1-1 at

20.) It is well-established that the right to counsel guarantees effective assistance of counsel on the first appeal as of right. *See Vance v. Scutt*, 573 F. App'x 415, 421 (6th Cir. 2014); *see also Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963). As discussed *supra*, however, the Court did not err when it utilized the PSR calculated total drug quantity as it was supported by the evidence. Thus, no prejudice existed as a result of appellate counsel not challenging it and Braddock's motion on this ground is DENIED.

F. Ground Six

Finally, Petitioner avers that he is entitled to relief from his sentence pursuant to *Alleyne v. United States*, 133 S. Ct. (2013). (D.E. 3 at 1.) Braddock asserts that *Alleyne* created a new constitutional law that applied retroactively. (*Id.*) In *In re Mazzio*, 756 F.3d 487 (6th Cir. 2014), the Sixth Circuit directly addressed and rejected this argument.

> "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Even assuming that *Alleyne* announced a new rule,[] we cannot identify any Supreme Court decision that makes *Alleyne*'s ruling retroactively applicable to cases on collateral review, nor does any language in *Alleyne* suggest that the Supreme Court was making the new rule it announced retroactively applicable to cases on collateral review.[] Therefore, any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.

*Id.* at 490 (footnotes omitted). As Petitioner's collateral attack on his sentence based on *Alleyne* is without merit, this claim is DENIED.

IV. **Conclusion**

Because the issues presented by Braddock are without merit or moot, they are DISMISSED. The Clerk of Court is DIRECTED to enter judgment for the United States.

V. **Appeal Issues**

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the

11

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must also indicate "which specific issue or issues satisfy" the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). A COA does not require a showing that the appeal will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Id.* at 952. The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, the Rule also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 29th day of June 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.